# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 24, 2009

## STATE OF TENNESSEE v. BARBARA JEAN TOTTY

**Direct Appeal from the Circuit Court for Hickman County**
**No. 07-5112CR     Jeffrey S. Bivins, Judge**

_____

**No. M2009-01149-CCA-R3-CD - Filed February 2, 2010**

_____

The Appellant was convicted in the Hickman County Circuit Court of driving under the influence. She was sentenced to 11 months and 29 days, to be served on probation. She appeals, asserting she received ineffective assistance of counsel. Because both her brief and the record she provided are inadequate under our rules, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Barbara Jean Totty, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Kim R. Helper, District Attorney General; and Michael J. Fahey, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

From the scant record before us, we understand the facts to be as follows. On March 30, 2006, officers responded to an automobile accident at Linden Highway and Highway 50 West in Hickman County. Upon arriving at the scene, the officers discovered Appellant's car in a ditch. Appellant was the driver of the car, and as officers began to question her, they became suspicious that she was under the influence of an intoxicant. Although she did not smell of alcohol, her speech was slurred and she was unsteady on her feet. She was unable

to perform three requested sobriety tests, and the officers found several bottles of medication in her purse, including Wellbutrin, Xanax, and Hydrocodone. The officers asked her to submit to a blood test, but she refused.

A Hickman County grand jury charged her with violating Tennessee Code Annotated § 55-10-401, a Class A misdemeanor. She was convicted after a jury trial on May 1, 2008.[1]

Appellant's sole issue on appeal is that she received ineffective assistance of counsel. Essentially, she argues that her counsel was ineffective because he failed to convey valid explanations to the jury and the trial court as to why she appeared intoxicated and why she refused to submit to a blood test. Appellant claims she has numerous medical problems that cause slurred speech and may erroneously indicate she is intoxicated. She also claims that because of a prior traumatic medical experience at Hickman County Hospital, she refused a blood test. According to Appellant, her trial attorney did not raise these issues. As a result, Appellant argues that she was deprived of effective counsel at trial.

The State contends that the Appellant has waived review of the issue. First, it notes that Appellant failed to include a transcript of the trial or a statement of the evidence; therefore, the record is inadequate. Second, it argues that Appellant's brief failed to properly support her arguments with sufficient factual and legal citations.

## II. Analysis

Our supreme court has previously explained that an Appellant must provide a sufficient record on appeal:

> When a party seeks appellate review there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal. Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies, an appellate court is precluded from considering the issue. *Absent the necessary relevant material in the record an appellate court cannot consider the merits of an issue.*

State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993) (citations omitted; emphasis added). "In the absence of an adequate record on appeal, this court must presume that the trial court's

_____

[1] Appellant was represented by counsel at trial; however, on appeal she is proceeding pro se. The record reflects that trial counsel was retained and that Appellant is not indigent.

rulings were supported by sufficient evidence." State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

The record before us is inadequate. It contains only the technical record and the parties' briefs. It does not contain a transcript of the proceedings in the trial court, nor a statement of evidence. Appellant explained in her brief that "there was neither a [c]ourt [r]eporter nor [a]ffidavit, there is no record of the facts presented in [c]ourt." Tennessee Rule of Appellate Procedure 24(c) provides that, in the absence of a transcript, an appellant should file a statement of the evidence. Appellant did not do so. As a result, we are unable to consider the merits of her appeal. See Ballard, 855 S.W.2d at 561.

Moreover, Appellant's brief is inadequate. Tennessee Court of Criminal Appeals Rule 10(b) provides that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Appellant's entire argument consists of the following:

> BARBARA JEAN TOTTY, APPELLANT, REQUESTS THIS COURT TO REVERSE THE TRIAL COURT'S VERDICT FROM "GUILTY" TO "NOT GUILTY," DUE TO INEFFECTIVE COUNSEL AND TRIAL COURT ERROR. AFTER MRS. TOTTY APPEALED IN THE COUNTY CRIMINAL COURT, THE JUDGE REQUESTED THE DISTRICT ATTORNEY TO SUBPOENA MRS. TOTTY'S MEDICAL RECORDS FOR REVIEW. THE DISTRICT ATTORNEY DID NOT PERFORM THIS TASK, DUE TO LIMITED TIME.

Even giving this a liberal construction because it is a pro se pleading, it does not conform to Rule 10(b).

Finally, we note that Appellant raises only her claim of ineffective assistance of counsel. As this Court has previously noted:

> [T]he practice of raising ineffective assistance of counsel claims on direct appeal is fraught with peril since it is virtually impossible to demonstrate prejudice as required without an evidentiary hearing. Instead, ineffective assistance of counsel claims should normally be raised by petition for post-conviction relief.

State v. Blackmon, 78 S.W.3d 322, 328 (Tenn. Crim. App. 2001) (citations and quotation marks omitted).

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE